## Turner & Netherland *v.* John Barrett.

**Lien—Reservation in Deed—When Does Not Constitute.**

A reservation in a deed of "for and in consideration of one dollar, and twenty-five cents per acre, secured to be paid," and "a lien is reserved to secure the purchase money," and notes for a different total, and bearing different dates, held not to constitute a lien for the purchase money.

APPEAL FROM TAYLOR CIRCUIT COURT.

**October 25, 1870.**

OPINION OF THE COURT BY JUDGE PETERS:

This suit in equity was brought by John Barrett as assignee of William Barrett, on the 12th of September, 1868, against A. H. DeWitt. On three notes executed the 1*th of March, 1852, by said DeWit to William Barrett. One for sixty-two dollars and twenty-five cents, due the first of March, 1853. One for sixty-two dollars, due the last of March, 1854, and one for sixty-two dollars and eighty-eight cents, due last of March, 1855.

In the original petition it is alleged that said notes were executed for the purchase price of a tract of land in Taylor county, containing about 149 acres, sold to him by said W. Barrett, about the time the notes were executed, and conveyed to him on the 15th of March, 1852, and the deed is referred to and made part of the petition. It is also alleged that a lien is retained in the deed on the land to secure the purchase money. And judgment is prayed for the amount of said notes, and for an enforcement of the alleged lien, and a sale of land to pay the amount claimed.

DeWitt in his answer pleaded that said notes had been paid off, that as early as the 21st of June, 1856, he had a settlement with William Barrett, when he paid off the principal and interest of said notes, except sixty-four dollars and eighty-eight cents, and then executed his note to William Barrett for that sum, due one

day after date, which note he afterwards paid and took up, and he files it as a part of his answer, endorsed "pd," that when he executed the last named note to Barrett he said he did not have the three notes with him, but he would at a future time deliver them up, or would cancel them, which he failed to do.

He further stated that he had, long after the land was conveyed to him, sold and conveyed it to Turner & Netherland who had fully paid him for it, and were then the owners and in possession of it, and makes a copy of his deed to them a part of his answer.

By an amended petition, filed 15th of October, 1868, Turner & Netherland were made defendants to the suit, and process sued out against them on the 17th of February, 1869, was executed the 10th of March following.

And in their answer they state they purchased the land from DeWitt for a valuable consideration paid down, and took a conveyance from him without notice of any claims for a lien by his vendor; deny that there was any lien on the land when they purchased, and plead limitations as a bar to the action. And also that the purchase money had all been paid. The relief sought was granted by the court below, and the defendants in that court have appealed.

The deed recites that about 149 acres were therein conveyed, "for' and in consideration of one dollar and twenty-five cents per acre, secured to be paid," but how the purchase money was secured, or when to be paid, is not stated, although at the close of the deed a lien is reserved on the land for the purchase money.

The notes sued on and the deed bear different dates, they are not alluded to in the deed, and when it was executed they were not in existence, therefore no lien could have been retained to secure their payment, and from the recitals in the deed the legal presumption would be that the money was due at its date, and had been paid long before the land was conveyed to appellants, Turner and Netherland, which was more than fourteen years after the conveyance was made to their vendor, and nearly seventeen years before they were sued in this action.

Besides, DeWitt's deposition was taken and read on the trial without objection on behalf of Turner and Netherland, and he proves that he had paid all the purchase money before this suit was instituted, that he and Barrett, on the 21st of June, 1856, had a settlement, when he paid him what money he had, and executed to him his note for $64.88, due one day after date, for

the residue of said notes, which last named he had since paid, and that note is produced marked *"pd"* and the body of it proved to have been written by William Barrett. And there is no evidence that there had ever been any other dealings and transactions between the parties for which the sixty-four dollar note could have been given.

It is clear therefore, that there could have been no lien on the land for any of the purchase money, if in fact any remained unpaid, and from the lapse of time between the maturity of the notes and the institution of the suit, connected with other circumstances, a presumption arises that the whole of the purchase money was paid.

Wherefore the judgment is reversed and the cause is remanded with directions for further proceedings consistent herewith.

*Montague & Netherland, for appellants.*
*Chelf, for appellee.*